## CIVIL MINUTES – GENERAL

Case No.  8:20-cv-00318-JLS-ADS                           Date:  February 21, 2020

Title:  Badeau Statutory Trust v. Bombardier Transit Corporation et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                                               N/A   
     Deputy Clerk                                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

     Not Present                                              Not Present

**PROCEEDINGS:**  (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS
CASE SHOULD NOT BE REMANDED FOR LACK OF
SUBJECT MATTER JURISDICTION

     Plaintiff Badeau Statutory Trust filed this action in Orange County Superior Court on January 24, 2020, against Defendant Bombardier Transit Corporation.  (Compl., Notice of Removal Ex. A, Doc. 1-1.)  On February 14, 2020, Bombardier removed the case to this Court, under 28 U.S.C. § 1441(a)-(b), on the basis of diversity jurisdiction, as set forth in 28 U.S.C. 1332(a).  (Notice of Removal ¶ 1, Doc. 1.)

     As the party invoking the removal jurisdiction of this Court, Defendants bear "the burden of establishing federal jurisdiction." *California ex. Rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  And "the district court ha[s] a duty to [independently] establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

     Here, Bombardier states that there is complete diversity between the parties because "Bombardier is a Delaware corporation with its principal place of business in New York," and "[a]ccording to the Complaint, Plaintiff is a statutory trust organized under the law of the State of Wyoming, with its principal place of business in Irvine, California."  (Notice of Removal ¶¶ 8-9.)  Bombardier's assertions of citizenship, however, are insufficient to establish diversity jurisdiction.  Specifically, nothing in the Complaint or Notice of Removal indicates that Plaintiff Badeau Statutory Trust is a citizen of neither Delaware nor New York.  *See BGForefront, L.P. v. Forefront Management Group, LLC*, 888 F.3d 29, 39 (3rd Cir. 2018) ("the citizenship … of a business entity called a trust is that of its constituent owners").  Because Bombardier does

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00318-JLS-ADS                    Date:  November 7, 2014

Title:  Badeau Statutory Trust v. Bombardier Transit Corporation et al.

not allege the citizenship of Badeau's owners or members, its Notice of Removal is deficient.

Accordingly, Bombardier has not met its burden of showing that removal is proper.  Defendants are therefore ORDERED to show cause, in writing, no later than **seven (7) days** from the date of the Order, why the Court should not remand this action to Orange County Superior Court.  A response from Bombardier demonstrating that Badeau is not a citizen of Delaware or New York, based upon the citizenship of Badeau's constituent owners, shall constitute a sufficient showing and discharge Bombardier of its obligations hereunder.  Failure to timely respond will result in immediate remand to Orange County Superior Court, Case No. 30-2020-01126873-CU-BC-CJC.

Initials of Preparer:  tg